UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEACON NAVIGATION GMBH,

    Plaintiff,

v.                                                                                            Civil Case No. 13-11516
                                                                             Honorable Patrick J. Duggan

SUZUKI MOTOR CORPORATION and
AMERICAN SUZUKI MOTOR
CORPORATION,

    Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF BEACON NAVIGATION GMBH'S MOTION TO REOPEN CASE

This is one of a series of actions brought by Plaintiff Beacon Navigation GmbH ("Beacon") against entities whose products allegedly infringe Beacon's patents for Global Positioning Satellite technology.[1]  Presently pending before the Court is Beacon's motion to reopen this action against Defendant Suzuki Motor Corporation ("Suzuki Japan"), which was administratively closed when Suzuki Japan's co-defendant and subsidiary American Suzuki Motor Corporation ("American Suzuki") filed for bankruptcy protection.  For the reasons that follow, the Court grants Beacon's motion, reopens this action, and lifts the stay against Suzuki Japan, only.

**Procedural Background**

On October 11, 2011, Beacon initiated this case against Suzuki Japan and

---

[1] There are a total of thirty-eight cases.  All of the cases have been assigned to this Court.

American Suzuki (collectively also "Defendants") in the District Court for the District of Delaware ("Delaware court"). American Suzuki thereafter filed for bankruptcy protection in the United States Bankruptcy Court for the Central District of California, *In re American Suzuki Motor Corporation*, Case No. 8:12-bk-22808-SC (C.D. Calif. filed Nov. 5, 2012). (*See* ECF No. 3-1.) On November 14, 2012, following American Suzuki's filing of Suggestion of Bankruptcy in the Delaware court, Chief Judge Gregory M. Sleet of that court entered an order staying this and a second case brought by Beacon against Defendants, citing the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362. (ECF No. 4.) Chief Judge Sleet also administratively closed the cases. (*Id.*)

On November 30, 2012, Beacon filed the pending motion to reopen the case so that it can prosecute its claims against Suzuki Japan, the non-debtor parent company of American Suzuki. Suzuki Japan filed a response to Beacon's motion on December 17, 2012; Beacon filed a reply brief on January 2, 2013. Before the Delaware court ruled on the motion, however, the series of lawsuits brought by Beacon, including its actions against Suzuki Japan and American Suzuki, were transferred to the Eastern District of Michigan pursuant to an order entered by Chief Judge Sleet on March 20, 2013.

## Parties' Arguments

Beacon argues that the automatic bankruptcy stay under § 362, although precluding it from proceeding against American Suzuki, does not prevent it from prosecuting its claims against Suzuki Japan. Beacon asserts that Suzuki Japan, although announcing its intent to cease the marketing and sale of automobiles in the United States,

will continue to sell its remaining U.S. inventory, honor its U.S. customer warranties, and supply replacement parts to U.S. customers. Further, because Suzuki Japan rather than American Suzuki is the entity responsible for manufacturing the products that allegedly practice Beacon's patent(s), Beacon believes that Suzuki Japan would have indemnified American Suzuki for any infringement liability had American Suzuki not filed for bankruptcy protection. Thus Beacon contends that the bankruptcy estate will not be threatened if this case is reopened and Beacon is allowed to proceed against Suzuki Japan. Based on the parent-subsidiary relationship between Defendants, Beacon also believes that Suzuki Japan possesses any evidence it will seek to discover to prove liability and damages. Finally, Beacon maintains that the most efficient approach would be to allow it to proceed against Suzuki Japan, on track with the other thirty-six related cases.

Suzuki Japan opposes Beacon's request, contending that staying the case against the subsidiary *and* parent promotes judicial economy as it allows issues regarding them to be addressed at the same time. Although acknowledging that the automatic stay under § 362 does not extend to it, Suzuki Japan points out that the Court has the authority to issue a discretionary stay pursuant to its inherent power to control the disposition of the cases on its docket. (ECF No. 42 at 6, citing *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163 (1936).) Suzuki Japan also points out that Beacon identifies no harm that it will suffer if it is precluded from pursuing its claims against Suzuki Japan at this time. Finally, Suzuki Japan contends that American Suzuki possesses many documents relevant

to this action.

## Analysis

As the parties' recognize, the Bankruptcy Code's automatic stay provisions apply only to the debtor, Suzuki American, and cannot be construed to apply as well to its parent and co-defendant, Suzuki Japan. *In re Anje Jewelry Co.*, 47 B.R. 485, 486 (Bankr. E.D.N.Y. 1983) (citing *In re Johns-Manville Corp.*, 26 B.R. 405, 409 (Bankr. S.D.N.Y. 1983); *In re Larmar Estates, Inc.*, 5 B.R. 328, 330 (Bankr. E.D.N.Y. 1980); *In re Related Asbestos Cases*, 23 B.R. 523, 527 (N.D. Cal. 1982)). Nevertheless, the Bankruptcy Code grants bankruptcy courts the power to *inter alia* "issue any order . . . that is necessary or appropriate to carry out the provisions of [the Code]." 11 U.S.C. § 105(a). This includes an order staying proceedings not covered by the automatic stay provisions of § 362(a) provided the stay is entered to "protect the debtor's interest." *See In re Anje Jewelry Co.*, 47 B.R. at 486-87; *see also In re Johns-Manville Corp.*, 26 B.R. at 415-16 (explaining that "[a]lthough Section 105 may be used to extend [a] stay, Section 105 does not have a life of its own and this extension may only be accomplished within the proper boundaries of Section 362. That is, unless this extension is designed to protect the debtor's interests, it cannot be granted.").

There is no indication that the bankruptcy court has entered a stay pursuant to § 105 in American Suzuki's bankruptcy proceedings. Suzuki Japan presents no persuasive argument as to why such a stay would even be warranted, in other words how it would serve the debtor's– i.e., American Suzuki's– interests. Nor has Suzuki Japan addressed

any of the factors courts must consider in deciding whether a stay pursuant to § 105 is appropriate.[2] *See in re Baldwin-United Corp.*, 57 B.R. 759, 766 (Bankr. S.D. Ohio 1985) (explaining that the traditional factors governing preliminary injunctions under Federal Rule of Civil Procedure 65 are applicable for a § 105 injunction).

This Court may stay proceedings before it in accordance with its inherent power to control the cases on its docket. *See Landis*, 299 U.S. at 254-55, 57 S. Ct. at 166. The Sixth Circuit Court of Appeals has warned, however, "that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, Southern Dist. of Ohio, Eastern Div.*, 565 F.2d 393, 396 (6th Cir. 1977). The party seeking the stay has the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255, 57 S. Ct. at 166. The moving party must also show "that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the [stay]." *Ohio Envtl. Council*, 565 F.2d at 396. Again, Suzuki Japan has not met its burden of showing that these considerations weigh in favor of a stay.

This Court also believes that allowing Beacon to proceed against Suzuki Japan is

---

[2] Those factors are: "'(1) the likelihood of [the] plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction.'" *In re Baldwin-United Corp.*, 57 B.R. at 766 (quoting *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985)).

more efficient than staying the two cases against it while the thirty-six related actions proceed. Clearly there will be significant overlap in the litigation of these thirty-eight cases (thus the reason they have been assigned to a single judge). Less clear is how American Suzuki's absence from the litigation will interfere with the litigation's efficient progression or whether Beacon will even choose to pursue its claims against American Suzuki once the bankruptcy stay is lifted.

For these reasons, the Court concludes that this action should be reopened and Beacon should be allowed to proceed with the litigation of its claims against Suzuki Japan.

Accordingly,

**IT IS ORDERED**, that Plaintiff Beacon Navigation GmbH's motion to reopen case is **GRANTED** and the **STAY IS LIFTED** as to Defendant Suzuki Motor Corporation, only.

Dated: May 20, 2013            s/PATRICK J. DUGGAN
                               UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record